UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WESLEY FRANK DEASE, | Case No. 3:21-cv-00009-MMD-CLB |
| Petitioner, | ORDER |
| v. | |
| CHARLES DANIELS, *et al.*, | |
| Respondents. | |

**I.  SUMMARY**

This is a *habeas corpus* action under 28 U.S.C. § 2254. Petitioner Wesley Dease has submitted an application to proceed *in forma pauperis*, a petition for a writ of *habeas corpus*, and a motion for appointment of counsel. (ECF Nos. 1; 1-1; 1-1 at 50-53.) The Court grants the application to proceed *in forma pauperis* because Petitioner is unable to pay the filing fee. The Court has reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to show cause as to why the Court should not dismiss his petition for failure to exhaust state-court remedies. Additionally, the Court denies Petitioner's motion for appointment of counsel.

**II.  BACKGROUND**

On November 8, 1985, Petitioner was convicted of four counts of sexual assault and two counts of sexual assault on a victim 65 years of age or older. (ECF No. 1-1 at 16.) The state district court imposed eight consecutive sentences of life imprisonment with eligibility for parole beginning after a minimum of five years. (*Id.*) Six of those sentences were for the counts of sexual assault under the version of NRS § 200.366 in effect at the time, and two of those sentences were enhancements for the age of the victim under the version of NRS § 193.167 in effect at the time.

In 2006, Petitioner was paroled institutionally from his first sentence. (ECF No. 1-1 at 36.) In 2017, Petitioner was paroled institutionally from his second sentence. (*Id.*) On August 29, 2018, Petitioner elected to have his sentences aggregated under NRS § 213.1212(3) (2014). That section stated, in relevant part:

> [A] prisoner who is serving consecutive sentences which have not been aggregated may, by submitting a written request to the Director of the Department of Corrections, make an irrevocable election to have the sentences aggregated. If the prisoner makes such an irrevocable election to have the sentences aggregated and . . .
>
> (b) the prisoner has been considered for parole on one or more of the sentences, the Department of Corrections shall aggregate only the sentences for which parole has not been considered. The Board [of Parole Commissioners] is not required to consider the prisoner for parole on the aggregated sentences until the prisoner has served the minimum aggregate term of imprisonment.

NRS § 213.1212(3) (2014). Because Petitioner had been considered for parole on two of his sentences, the Department of Corrections aggregated six sentences. Because Petitioner's sentences had maximum terms of life imprisonment, his five-year minimum eligibilities for parole were aggregated into a 30-year minimum eligibility for parole. Petitioner's maximum term of life imprisonment remained the same. *See* NRS § 176.035(2)(b) (2014).

Petitioner commenced a civil rights action in the Seventh Judicial District Court of the State of Nevada. That court converted Petitioner's complaint to a post-conviction *habeas corpus* petition that challenged the computation of time. (ECF No. 1-1 at 28.) The state district court concluded that although Petitioner pleaded guilty to six separate counts, two of those counts carried automatic enhancements that were equal and consecutive to the primary sentences. Therefore, the six counts resulted in eight sentences. (ECF No. 1-1 at 37.) Second, the state district court concluded that under NRS § 213.1212(5)[1] only the sentences for which Petitioner had not been considered for parole may be aggregated; the aggregated minimum term does not retroactively apply to sentences for which parole has been considered or granted. Thus, the correct aggregated

---

[1] An amendment in 2019 renumbered § 213.1212(3) to § 213.1212(5).

2

minimum term is 30 years before Petitioner becomes eligible for parole. (ECF No. 1-1 at 37.) Petitioner did not appeal.

### III.  LEGAL STANDARD

Before a federal court may consider a petition for a writ of *habeas corpus*, the petitioner must exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

### IV.  DISCUSSION

Petitioner admits that he did not appeal the state district court's decision on any of these grounds. (ECF No. 1-1 at 1, 4, 6, 8.) He states that he miscalculated the deadline to file an appeal. While that explains why Petitioner has failed to exhaust his state-court remedies, it does not cure the failure to exhaust those remedies. Petitioner must show cause as to why this Court should not dismiss this action for his failure to exhaust state-court remedies.

Petitioner has also filed a motion for appointment of counsel. Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking *habeas corpus* relief. *See* 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. *See Weygandt*, 718 F.2d at 954. Having reviewed the petition, the Court concludes that appointment of counsel is not warranted.

///

///

## V. CONCLUSION

It is therefore ordered that Petitioner's application to proceed *in forma pauperis* (ECF No. 1) is granted. Petitioner need not pay the $5.00 filing fee.

The Clerk of Court is directed to file the petition for a writ of *habeas corpus* (ECF No. 1-1).

The Clerk of Court is further directed to file Petitioner's motion for appointment of counsel (ECF No. 1-1 at 50-53).

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 1-1 at 50-53) is denied.

It is further ordered that Petitioner will have 30 days from the date of entry of this order to show cause as to why the Court should not dismiss this action for Petitioner's failure to exhaust his available remedies in the state courts. Failure to comply with this order will result in the dismissal of this action.

The Clerk of Court is directed to add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

The Clerk of Court is further directed to provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing. No response by the Attorney General is necessary.

DATED THIS 1st Day of February 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE